```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

GAVIN HAMMETT,                     :
                                   :
          Petitioner,              :
                                   :
V.                                 :      CASE No. 3:15-cv-1568(RNC)
                                   :
UNITED STATES,                     :
                                   :
          Respondent.              :

                          RULING AND ORDER

Petitioner Gavin Hammett, proceeding pro se, moves pursuant to 28 U.S.C. § 2255 for relief from his conviction and sentence. He claims that his trial and appellate counsel were constitutionally ineffective and raises various issues related to his plea agreement, guilty plea, and sentencing.  The Government responds that his claims should be dismissed because they are procedurally defaulted and lack merit.  I agree and therefore deny the petition.

I. Background

Hammett was the lead defendant in a large drug conspiracy case.  See generally United States v. Hammett, 3:10-cr-128 (RNC). He pleaded guilty to conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B).  Prior to his plea, the Government filed a second-offender information, pursuant to

1

21 U.S.C. § 851, which increased the maximum statutory penalty to life imprisonment and the mandatory-minimum term of imprisonment to ten years.  See § 851 Information, id. (ECF No. 307).

The plea agreement addressed the parties' positions regarding the Sentencing Guidelines.  See Plea Agreement, id. (ECF No. 310).  As summarized in the agreement, the Government took the position that a range 168-210 months of imprisonment applied based on a total offense level of 31 (reflecting agreed upon drug quantities of 5 kilograms of cocaine and 2 kilograms of crack) in criminal history category ("CHC") V.  Hammett took the position that a range of 121-151 months applied based on a total offense level of 29 (derived from using a 1:1 crack-to-powder-cocaine ratio) in CHC IV.  The parties reserved their rights to argue whether the defendant qualified as a career offender pursuant to U.S.S.G. § 4B1.1.  The Government's position was that, if the career offender enhancement was found to apply, Hammett would be in CHC VI, with a total offense level of 34, yielding a range of 262-327 months. Hammett's position was that "the Career Offender Guidelines are not deserving of judicial deference in general and should not be followed in this particular case."

Prior to Hammett's sentencing, the Probation Office prepared a Presentence Investigation Report ("PSR"). An addendum to the PSR stated that Hammett qualified as a career offender, increasing the CHC from V to VI. See PSR Add., id. (ECF No. 622). The addendum also stated that he was subject to a four-level adjustment as the leader or organizer of the conspiracy, making his total offense level 35. Based on these findings, the range was 292-365 months.

Hammett's sentencing took place over two days. See Sentencing Tr. Vol. I-II, id. (ECF Nos. 823, 824). On the first day, I adopted a range of 292 to 365 months, as calculated in the addendum to the PSR. Neither party objected to this calculation. However, Hammett requested a substantially lesser sentence of 180 months, arguing that the Court should apply a 1:1 crack-to-powder-cocaine ratio, decline to sentence him as a career offender, and depart from CHC VI to CHC IV. The Government argued that the career offender guideline should be applied. However, it sought a sentence within the range of 262-327 months, the career-offender range it contemplated at the time of the plea agreement. The sentencing hearing was continued to give the parties an

opportunity to obtain additional information about two of Hammett's prior convictions.[1]

When the sentencing hearing resumed, I stated that the career offender guideline would not be used because Hammett's offense conduct was partly attributable to his own drug use and he had no significant history of violence. I explained that a range of 210 to 262 months would be used, reflecting a 1:1 crack-to-powder-cocaine ratio, a CHC of V, and a four-level adjustment for Hammett's role in the offense. I then sentenced Hammett to 240 months' imprisonment, finding that sentence sufficient but not harsher than necessary considering all the factors in 18 U.S.C. § 3553(a).

Hammett appealed his sentence, arguing that it was substantively unreasonable.[2] United States v. Hammett, 555 F. App'x 108 (Feb. 20, 2014). The Court of Appeals affirmed. Id. at 110. The Court stated that although "240 months of incarceration is a harsh sentence," it is not "unsupportable as a

---

[1] Hammett did not object to the criminal history points attributed to the convictions or whether, as a technical matter, his prior convictions rendered him a career offender under the Guidelines. He only sought to clarify the facts underlying the previous convictions as part of his argument for a departure or non-Guidelines sentence.
[2] Hammett's plea agreement included a waiver of his right to appeal if his sentence did not exceed 192 months.

4

matter of law" in light of the serious offense conduct and Hammett's history and characteristics. The Supreme Court denied Hammett's petition for certiorari. Hammett v. United States, 135 S. Ct. 121 (2014).

II. Legal Standard

To obtain relief under § 2255, a petitioner must show that his "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. A claim is cognizable under § 2255 if it involves a "fundamental defect which inherently results in a complete miscarriage of justice." Davis v. Hill, 417 U.S. 333, 346 (1974) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). Pursuant to the "mandate rule," a § 2255 motion generally does not provide an opportunity to relitigate issues that were raised and considered on direct appeal. Yick Man Mui v. United States, 614 F.3d 50, 53 (2d Cir. 2010). In addition, if a petitioner failed to raise a claim that was ripe for review on direct appeal, the claim is procedurally barred unless he "establishes (1) cause for the procedural default and ensuing prejudice or (2) actual innocence." United States v. Thorn, 659 F.3d 227, 231 (2d Cir. 2011).

III. Discussion

Hammett argues that his guilty plea is invalid because his plea agreement was based on a mutual mistake regarding the applicable guideline range. He also argues that his trial counsel provided ineffective assistance in connection with his plea agreement, guilty plea, and sentencing. None of these claims was presented on direct appeal. Hammett argues that he can show cause and prejudice to excuse his procedural default because his trial and appellate counsel were constitutionally ineffective. He is correct that ineffective assistance of appellate counsel may excuse a procedural default. See United States v. Perez, 129 F.3d 255, 261 (2d Cir. 1997). In addition, claims of ineffective assistance of trial counsel may be brought in a § 2255 proceeding "whether or not the petitioner could have raised the claim on direct appeal." Massaro v. United States, 538 U.S. 500, 504 (2003). However, Hammett's claims fail because he has not shown that his trial or appellate counsel provided ineffective assistance.

To obtain relief based on a claim of ineffective assistance of counsel, Hammett must demonstrate that (1) his counsel's performance fell below an objective standard of reasonableness and (2) he suffered prejudice as a result. Strickland v.

Washington, 466 U.S. 668, 694 (1984). This is a "highly demanding" and "rigorous" standard. Bennett v. United States, 663 F.3d 71, 84-85 (2d Cir. 2011). To show that his counsel's performance was constitutionally deficient, Hammett must overcome the "strong presumption" that his counsel's conduct was "within the wide range of professionally competent assistance." Id. at 689. To show prejudice, he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Hammett contends that his guilty plea is invalid because both he and the Government mistakenly believed the applicable range under the career offender guideline would be 262-327 months, rather then 292-365 months. He argues that "as a result of the mutual mistake, the Court relied on an incorrect applicable guideline range to determine the variance from the Career Offender Guideline range used to calculate the 240 months sentence imposed." Pet.'s Brief, at 3 (ECF No. 1-1). Though the sentencing determination was not based on the career offender guideline, he contends that, because the Guidelines are the "starting point" and "lodestar," the mistake may have affected the sentence.

Hammett's claim fails because the career offender guideline had no effect on his sentence. The starting point for calculating the range of 210-262 months ultimately used in the sentencing determination was not the range suggested by the career offender guideline. Instead, I calculated the range of 210-262 months after "putting aside the Career Offender Guideline." Sentencing Tr. Vol. I, 17-18; see also id. at Vol. II, 56 ("[T]his is the Guideline range that applies based on your own criminal history without regard to the Career Offender Guideline."). As a result, the alleged mutual mistake in the plea agreement did not prejudice his defense.[3]

The range of 210-262 months is higher than the range of 168-210 months that the Government anticipated at the time of the plea agreement in the event the career offender guideline did not apply. The difference is due to the four-level enhancement for Hammett's leadership role, which was not mentioned in the plea

---

[3] Hammett's claim that his trial counsel should have challenged the use of his prior convictions under United States v. Savage, 542 F.3d 959 (2d Cir. 2008) fails for the same reason. Even if his counsel had challenged his prior convictions, it would not have affected his sentence because the Court did not use his prior convictions to sentence him a career offender.

agreement.[4]  Assuming neither party anticipated this enhancement, it does not follow that Hammett is entitled to relief.

The record establishes that Hammett was informed by his trial counsel, the Magistrate Judge, and the plea agreement itself that the ranges stated in the agreement were not binding on the Court.  As a result, he cannot show that the stated ranges were a "basic assumption on which the contract was made."  Cf. United States v. White, 597 F.3d 863, 867-68 (7th Cir. 2010) (mistake in plea agreement as to defendant's eligibility for safety valve provision did not invalidate agreement because defendant knew agreement was non-binding and his eligibility was contingent on criminal history calculation).

Hammett's briefs appear to suggest that, because his counsel failed to accurately predict the applicable range, his plea is invalid.  "Ineffective assistance of counsel during plea negotiations can invalidate a guilty plea . . . to the extent that the counsel's deficient performance undermines the voluntary and intelligent nature of defendant's decision to plead guilty." United States v. Arteca, 411 F.3d 315, 320 (2d Cir. 2005). However, a "mistaken prediction" about "how the Guidelines would be applied" generally does not constitute ineffective assistance.

---

[4] This also explains why the career offender guideline calculated in the addendum to the PSR was 292-365 months instead of 262-327 months.

Id. at 321. (citing United States v. Sweeney, 878 F.2d 68, 70 (2d Cir. 1989)). "Where, as here, '[petitioner]'s specific claim is that counsel has misled him as to the possible sentence which might result from a plea of guilty, . . . the issue is whether the defendant was aware of actual sentencing possibilities, and if not, whether accurate information would have made any difference in his decision to enter a plea.'" Id. (quoting Ventura v. Meachum, 957 F.2d 1048, 1058 (2d Cir. 1992)).

The record establishes that Hammett was "aware of the actual sentencing possibilities." Before he pleaded guilty, he was informed that the sentence would be determined by the Court and he would not be able to withdraw his plea if the sentence turned out to be longer than he anticipated. He affirmed that he understood. I also find that providing Hammett with more information -- including accurate information about the possibility of a four-level enhancement for leadership role -- would not have made a difference in his decision to plead guilty. He states that, based on conversations with his trial counsel, he believed the "worst case scenario" was 327 months. He does not allege that he would not have pleaded guilty had he been aware that the Court would apply a range of 210-262 months. In these circumstances, any claim based on his counsel's failure to accurately predict the guideline range must be rejected. See

Arteca, 411 F.3d at 322-23 (rejecting claim that defendant would have gone to trial when attorney estimated range of 37-46 months, PSR calculated a range of 151-188 months, and defendant sent letter to judge before sentencing hearing stating the PSR calculation constituted a "death sentence").

IV. Conclusion

Accordingly, the § 2255 motion is hereby denied. No certificate of appealability will be issued. The Clerk may enter judgment and close the case.

So ordered this 3rd day of August 2018.

/s/
Robert N. Chatigny
United States District Judge